**Dated: August 19, 2010**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**BARBARA JEANNE SELBY**,            Case No. 09-81377-TRC
                                              Chapter 7
                 Debtor.

**PERCEPTUAL DEVELOPMENT**
**CORPORATION,**

                 Plaintiff,

v.                                                  Adv. No. 09-8045-TRC

**BARBARA JEANNE SELBY**,

                 Defendant and
                 Counter-Claimant.

### ORDER OF ABSTENTION AND DISMISSAL

This matter came on for hearing before this Court on July 7, 2010, on Plaintiff's Motion to

Dismiss Debtor's Counter-Claim for Lack of Subject Matter Jurisdiction (Docket Entry 63) and Defendant's Response (Docket Entry 66). Also pending before the Court is Defendant's Motion for Partial Summary Judgment (Docket Entry 12), Plaintiff's Response (Docket Entry 21), and Defendant's Reply (Docket Entry 30). Appearing before the Court were Jerome Sepkowitz for Plaintiff and Darryl F. Roberts for Defendant. Both matters were taken under advisement by this Court.

This Order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052. For reasons set forth below, the Court chooses to abstain from adjudicating Defendant's counterclaim, and grants Plaintiff's Motion to Dismiss. Defendant's Motion for Partial Summary Judgment is therefore moot.

**I.      Relevant Facts and Procedural History.**[1]

The parties entered into a contractual relationship in 1998 or 1999 whereby Defendant and her business partner Nita Hambrick were granted a license to use a method of diagnosing difficulties in processing visual information.[2] This contract included a nondisclosure/noncompetition clause, the interpretation of which forms the basis of the parties' dispute. It also provided that disputes would be resolved by arbitration or by a particular California court. Plaintiff filed a breach of contract lawsuit against Defendant and her business partner, Nita Hambrick, in Los Angeles Superior

---

[1] The dates of relevant events are inconsistently identified in the parties' various pleadings and motions, therefore the Court is unable to state them with certainty.

[2] Nita Hambrick filed a Chapter 13 bankruptcy with this Court on August 17, 2009, Case No. 09-81378. She has completed her plan payments and a Motion for Entry of Discharge is pending. Plaintiff filed an identical adversary proceeding against her, Case No. 09-8043, and she filed a counterclaim against it. Plaintiff's dismissal of its adversary Complaint against Hambrick was entered June 2, 2010. A similar motion to dismiss Hambrick's counterclaim was filed in that adversary.

Court in early 2008. Subsequently, Defendant and Hambrick filed declaratory judgment actions against Plaintiff in the District Court of Carter County, Oklahoma. Defendant filed her Chapter 7 bankruptcy on August 17, 2009. Debtor included Plaintiff on Schedule F as having a disputed, unliquidated claim. Debtor was discharged on December 2, 2009, and her bankruptcy case was closed on July 7, 2010.

Plaintiff filed this adversary proceeding on November 25, 2009, seeking a determination that its claim against Defendant was nondischargeable pursuant to 11 U.S.C. 523(a)(2), (4) and (6), and stating that this was a core proceeding under the Bankruptcy Code. Defendant filed her answer and counterclaim, seeking a declaratory judgment regarding certain provisions of her contract with Plaintiff, as well as an injunction against Plaintiff to prohibit it from interfering with Debtor's business.

The parties unsuccessfully attempted mediation, and conducted discovery. Defendant filed a motion for partial summary judgment seeking a ruling from this Court regarding the interpretation and enforceability of the noncompetition clause in the contract. The parties continued their matters in the main case and in this adversary case several times, until, on May 26, 2010, at a telephonic hearing before this Court, Plaintiff's counsel announced that it wished to dismiss its adversary Complaint against Defendant if granted permission to do so by this Court. Plaintiff's counsel also announced that if its Complaint was dismissed, it would file a motion to dismiss Defendant's counterclaim for lack of subject matter jurisdiction. Defendant's counsel agreed to the dismissal of the Complaint. The Order granting Plaintiff's dismissal of its Complaint was entered June 2, 2010.

**II.    Arguments of the Parties.**

Plaintiff filed its Motion to Dismiss Defendant's counterclaim for lack of subject jurisdiction,

arguing that Defendant's requested relief is neither a core, nor a non-core, "related to" proceeding. Plaintiff states that Defendant's requested relief is wholly based upon state law, not on any provision of title 11. Plaintiff also asserts that the outcome of Defendant's claim will have no impact upon the administration of her bankruptcy estate, and that resolution of her claim should be determined by the state court. Defendant argues that this is a core proceeding because it is a counterclaim by the estate against persons filing claims against the estate pursuant to 28 U.S.C. § 157(b)(2)(C). Defendant also argues that Plaintiff's motion is untimely since significant time has passed and effort expended in this case.

**III. Conclusions of Law.**

Since Plaintiff has dismissed its § 523 claim against Defendant, Defendant's counterclaim is the only remaining cause of action in this case. Defendant complains that it is too late for Plaintiff to raise the issue of jurisdiction. However, courts always have the power at any time during a proceeding to determine whether they have subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Chicot Co. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376-377 (1940). Courts may also raise and consider the issue of abstention. *New Jersey Lawyers' Fund for Client Protection v. Fornaro (In re Fornaro)*, 402 B.R. 104 (Bankr. D.N.J. 2009). Even where a court may have jurisdiction, it is not required to hear a case before it, but may exercise its discretion to abstain. 28 U.S.C. § 1334(c)(1); *Fornaro*, 402 B.R. at 107-108. A party's consent to jurisdiction of a court does not bar the court from abstaining. *LaRoche Industries, Inc. v. Orica Nitrogen LLC (In re LaRoche Industries, Inc.)*, 312 B.R. 249, 256-257 (Bankr. D. Del. 2004).

Courts identify many factors relevant to permissive abstention under § 1334(c)(1), including: the effect or lack thereof on the efficient administration of the estate; the extent to which state law

issues predominate over bankruptcy issues; the difficulty or unsettled nature of applicable state law more properly addressed in a state forum; considerations of comity; the presence of a related proceeding in state court; the degree of relatedness or remoteness of this proceeding to the main bankruptcy case; the substance rather than the form of an asserted "core" proceeding; the feasibility of severing state law claims from the bankruptcy case; the court's docket; the right to a jury trial; and the presence of non-debtor parties. *See Fornaro,* 402 B.R. at 108; *LaRoche*, 312 B.R. at 253-254; *In re Oakwood*, 308 B.R. 81, 87 (Bankr. D.N.M. 2004). There is no specific formula for how many of these factors should be addressed or which ones are required for abstention. *Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*, 289 B.R. 27, 29 (Bankr. D. Del. 2003). This Court will consider Defendant's counterclaim in light of these factors.

Defendant's counterclaim seeks a declaratory judgment regarding certain provisions of her contract with Plaintiff, as well as an injunction against Plaintiff enjoining it from interference with Defendant's business. Defendant's counterclaim will have no effect on the administration of her bankruptcy estate. This was a "no-asset" Chapter 7 case, with a Report of No Distribution filed by the Chapter 7 Trustee on September 30, 2009. The Debtor has already received her discharge and her case has been closed. She seeks no monetary relief in her counterclaim that could be administered by the Trustee to pay her creditors. The Trustee never became involved in this adversary proceeding, and did not elect to proceed against PDC on behalf of the bankruptcy estate. A resolution of this matter in Defendant's favor will only benefit Defendant, not the bankruptcy estate.

Although Defendant believes her counterclaim is a core proceeding as a counterclaim under 11 U.S.C. § 157(b)(2)(C), an examination of the substance of her counterclaim, rather than the form,

Case 09-08045    Doc 69    Filed 08/19/10    Entered 08/19/10 14:53:27    Desc Main
Document      Page 5 of 7

reveals that it arises under state law, not federal law.[3]  Defendant's counterclaim is essentially a contract dispute, not one that arises out of her bankruptcy.  Its existence is not dependent upon her bankruptcy.  It involves issues of state law, not bankruptcy law, and is only remotely related to the main bankruptcy case.   There are pending state court proceedings that were filed by both parties prior to the filing of Defendant's bankruptcy.  Plaintiff filed in California, and Defendant filed in Oklahoma.  Defendant's emphasis on the fact that she did not  file a counterclaim in the California case seems irrelevant since she could have done so if she chose, and she filed her own action regarding this contract in Oklahoma state court.  There is no severability issue since this is the only claim left before this Court, and there are pending state law actions.

To resolve Defendant's counterclaim, a court must look to state law, and the applicable public policy regarding covenants not to compete.  This Court believes that the interpretation and application of state law in this case, particularly in matters of state public policy, would be better left to the state courts.  Although covenants not to compete may not present difficult or unsettled issues for courts, they are subject to a variety of interpretations depending upon the particular facts of the case.  State courts have much more experience in construing these covenants, and resolving issues regarding their state's public policies.

The Court is not aware if the parties favor a jury trial, so it is unknown whether this factor favors abstention.  The Court's docket would not be unduly burdened by trying this case, however, it has no information as to how long it would take to reach a trial in either state court.  The Court therefore views these as neutral factors that do not persuade it for or against abstention.

Both parties have expressed the desire to litigate in their home states and not be forced to

---

[3] Even if the counterclaim is a core proceeding, § 1334(c)(1) allows permissive abstention.

litigate in another state. Plaintiff appears to have been first to the courthouse in California, with Defendant attempting to bring Plaintiff to Oklahoma by filing her state law case or cases and this bankruptcy. Forum shopping may have occurred by both parties at some point, so this too appears to be a neutral factor regarding abstention.

Having considered Defendant's counterclaim in light of these factors, the Court concludes that the majority favor permissive abstention. The Court also believes that the factors in favor of abstention are the most important ones: the effect on the administration of the Defendant's bankruptcy estate and the predominance of state law issues. *LaRoche*, 312 B.R. at 254. There appear to be no compelling reasons for this Court to hear state law claims as part of this bankruptcy proceeding. Therefore, the Court declines to exercise jurisdiction, will abstain from hearing Debtor's counterclaim, and will grant Plaintiff's Motion to Dismiss.

## IV. Order of the Court.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss is **granted**.

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment is **moot.**

###

Case 09-08045    Doc 69    Filed 08/19/10    Entered 08/19/10 14:53:27    Desc Main Document    Page 7 of 7